NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON CLAUDE EDWARDS, | No. 21-17061 |
| Petitioner-Appellee, | D.C. No. 2:20-cv-00530-TLN-GGH |
| v. | |
| RON GODWIN, Warden, | MEMORANDUM* |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 13, 2023
San Francisco, California

Before: MILLER, SANCHEZ, and MENDOZA, Circuit Judges.
Dissent by Judge MENDOZA.

The State of California appeals from the district court's order granting Jason

Claude Edwards's petition for a writ of habeas corpus. We have jurisdiction under

28 U.S.C. §§ 1291 and 2253. We reverse.

We review a district court's grant of habeas relief de novo. *Sanders v.*

*Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). Under the Antiterrorism and Effective

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Death Penalty Act (AEDPA), we must defer to the last reasoned state-court decision with respect to any claim adjudicated on the merits, *see* 28 U.S.C. § 2254(d); *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018), unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

To obtain reversal of a criminal conviction based on ineffective assistance of counsel, a petitioner bears the burden of showing (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland*'s two-part test applies to "ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Here, the parties agree that Edwards established deficient performance because his counsel failed to communicate a plea offer to him. They disagree as to whether this deficient performance was prejudicial. To establish prejudice, Edwards had to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

1. The state court did not unreasonably apply clearly established federal law in determining that Edwards did not establish prejudice. The court correctly

identified the applicable prejudice standard. It began its opinion by observing that "The parties . . . dispute whether there was a reasonable likelihood Edwards would have accepted the plea." In its discussion of that issue, it cited *Strickland* and explained that Edwards bore the burden of showing "a reasonable probability that, but for the ineffective performance, the result would have been more favorable." And in its conclusion, it stated that "[t]he record supports the trial court's finding that Edwards did not demonstrate a reasonable likelihood that he would have accepted the offer." Although it is true that the court also paraphrased the prejudice inquiry by omitting the words "reasonable probability" and referring to "whether the result would have been more favorable to the defendant," we do not read that omission to suggest that the court was applying a more demanding standard than the one prescribed in the case law that it repeatedly cited and quoted. Notably, the Supreme Court has employed a similar shorthand description of the prejudice standard: "In the context of pleas a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Under *Lafler*, the state court was required to evaluate the outcome of the plea negotiation that would have ensued had Edwards's counsel communicated the offer to him and given him competent advice about whether to accept. The state court found that Edwards would not have been willing to accept the plea offer. It

3

made that finding on a record that included Edwards's testimony that he would have accepted the plea offer, as well as his counsel's testimony that she would have strongly urged him to do so. Although the court did not expressly discuss what advice hypothetical competent counsel might have provided, it is unclear why considering such advice would have altered its analysis. That is especially so because "the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690–91, might well have included less robust encouragement of accepting the plea than the encouragement that Edwards's counsel said she would have provided.

2. The state court's finding that Edwards would not have accepted the plea offer was not "rebutted by clear and convincing evidence," *Miller-El v. Cockrell*, 537 U.S. 322, 340–41 (2003) (citing 28 U.S.C. § 2254(e)(1)), or "based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2). Edwards points to the significant difference between the plea offer's six-year sentence and the sentence of 38 years to life that he received at trial, as well as his post-trial testimony about his willingness to accept the offer. But the state court's finding was supported by other evidence in the record, including Edwards's trial testimony that he would never admit guilt, his counsel's email stating that plea acceptance by Edwards was "not happening," Edwards's awareness that a majority of the jurors in the first trial had voted to acquit, and the

4

potential for indefinite civil commitment at the completion of the sentence offered by the prosecutor. The state court reasonably relied on that evidence in concluding that Edwards would not have accepted the plea offer. *See, e.g., Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir. 1997) (upholding a state court's determination that the failure to convey a plea offer was not prejudicial because of defendant's "steadfast and unmoving claims of innocence"); *see also Mann v. Ryan*, 828 F.3d 1143, 1153 (9th Cir. 2016) ("Our review of the state habeas court's credibility determinations is highly deferential.").

3. Finally, the state court did not act contrary to clearly established federal law by applying the test articulated in *In re Alvernaz*, 830 P.2d 747 (Cal. 1992), to evaluate Edwards's *Strickland* claim. In *Alvernaz*, the California Supreme Court applied the "reasonable probability" standard for prejudice that *Strickland* prescribed. *Id.* at 755 (citing *Strickland*, 466 U.S. at 687–96). It elaborated on that standard by requiring that petitioners seeking to establish prejudice must present more than their own self-serving statements that they would have accepted a plea offer. *Id.* at 756.

That corroboration requirement is not contrary to clearly established law. The Supreme Court has not discussed the lawfulness of corroboration requirements or the weight to be given a petitioner's testimony in determining prejudice. *See Woods v. Donald*, 575 U.S. 312, 317 (2015) (per curiam) (quoting *Lopez v. Smith*,

5

574 U.S. 1, 6 (2014) (per curiam)) (holding that a state court decision cannot be "contrary to" federal law if no Supreme Court cases confront "the specific question presented by this case"). And in a related context, the Court has endorsed an approach similar to that of *Alvernaz*. When considering claims by a defendant that he would have *rejected* a plea offer but for his counsel's ineffective advice, the Court has observed that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). The state court reasonably applied that principle here.

**REVERSED.**

*Edwards v. Godwin*, No. 21-17061

MENDOZA, Circuit Judge, dissenting:

I respectfully dissent. This is not an appeal by a person crying over spilt milk. Instead, this is an appeal by a person deprived of a principle central to the attorney-client relationship—who decides whether to accept a plea deal. Mr. Edwards was plainly and unjustly stripped of that decision. Because of his counsel's error, the state court saddled him with the burden of proving not only what occurred and what did not occur, but also what he would have done had he received constitutionally effective assistance of counsel. This wrong standard led to the wrong outcome.

First, in my view, the state court's holding that Mr. Edwards would not have taken the plea deal had it been offered was an unreasonable application of clearly established federal law.[1] Next, reviewing this case unhindered by AEDPA-deference, I conclude that Mr. Edwards did show a reasonable probability that he would have taken the plea deal had it been offered. I would therefore affirm the district court's grant of a writ of habeas corpus.

1. The California Court of Appeal erroneously affirmed the state trial court's finding that Mr. Edwards did not show he "would have" accepted the plea deal

---

[1] Mirroring the majority, I refer to the California Court of Appeal's decision as the "state court" decision. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

1

when it was offered.  This improper requirement—that Mr. Edwards "would have" accepted the plea deal—directly conflicts with the clearly established federal law's "reasonable probability" requirement.  I believe that Mr. Edwards demonstrated a reasonable probability that he would have taken the plea deal, which is sufficient to establish prejudice.  Therefore, the state court's unreasonable application warrants the granting of the writ of habeas corpus.

There is no dispute that, as a court of review, we owe great deference to the state court's decision unless its decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  I agree with the majority's application of *Lafler v. Cooper*, 566 U.S. 156 (2012) as the "clearly established Federal law."  Indeed, *Lafler* built upon *Strickland v. Washington*, which requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. 668, 694 (1984).

I, however, would hold that the state court unreasonably applied this clearly established federal law.  The state court's citations to *Lafler*, *Strickland*, and *In re Alvernaz*, 830 P.2d 747 (Cal. 1992) do not save its unreasonable application.  *See Jones v. Harrington*, 829 F.3d 1128, 1135 (9th Cir. 2016) ("A state court unreasonably applies clearly established federal law if it 'identifies the correct

governing legal rule but unreasonably applies it to the facts of the particular state prisoner's case.'" (quoting *White v. Woodall*, 572 U.S. 415, 425 (2014)) (cleaned up)). "Reading the opinion as a whole, the more logical inference," *Mann v. Ryan*, 828 F.3d 1143, 1157 (9th Cir. 2016), is that the state court failed to apply the reasonable probability standard to the facts of this case. Instead, the state court applied the heightened standard of whether Mr. Edwards "would have" accepted the deal.

Specifically, in its analysis section, the state court wrote "[t]o decide the second prong—whether the result *would have* been more favorable to the defendant—*Alvernaz* identifies four factors . . . ."[2] Then in its ultimate holding, the state court agreed that Mr. Edwards did not "meet his burden to establish that— had it been communicated—he *would have* accepted the plea deal when it was offered." The omission of the words "reasonable probability" in its analysis section itself is not error, rather, it is the state court's repeated use of "would have" that compels the logical inference that the state court relied upon the improper standard in weighing Mr. Edwards's case. Whether Mr. Edwards would have taken

---

[2] To be clear, I do not fault the majority for failing to hold that *Alvernaz* is contrary to clearly established Federal law. *Cf. Perez v. Rosario*, 459 F.3d 943, 947 n.2 (9th Cir. 2006) (acknowledging competing arguments within the Ninth Circuit as to the objective reasonableness of *Alvernaz*).

the plea offer, however, is not the standard. Instead, the state court should have applied a reasonable probability standard.

A "reasonable probability," by definition, must be less demanding than a "would have" standard. This lay understanding aligns with the Supreme Court's view of *Strickland*'s test for prejudice: "the question is not whether a court can be certain counsel's performance had no effect on the outcome" but only "whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (cleaned up); *see also Williams v. Taylor*, 529 U.S. 362, 406 (2000) ("reasonable probability standard is less stringent than preponderance of evidence standard").

In fact, the Court rejected a test that would require the defendant to "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693. That is because, under *Strickland*, a reasonable probability is simply one "sufficient to undermine confidence in the outcome" and is "lower" than a preponderance of the evidence. *Id.* at 694. This court has previously noted that this "burden represents a fairly low threshold." *Riggs v. Fairman*, 399 F.3d 1179, 1183 (9th Cir. 2005) (citing *Sanders v. Ratelle*, 21 F.3d 1446, 1461 (9th Cir. 1994)).

I acknowledge this difference in standards is slight and matters only in the "rarest" of AEDPA habeas cases. *Richter*, 562 U.S. at 111–12 (quoting *Strickland*,

4

466 U.S. at 697) (applying *Strickland*'s lower reasonable probability of prejudice standard in the AEDPA context).  Mr. Edwards's case is one of these rarities because the likelihood of a different result was "substantial, not just conceivable." *Richter*, 562 U.S. at 112; *see, e.g.*, *Mask v. McGinnis*, 233 F.3d 132, 140 (2d Cir. 2000) (granting habeas relief when the state court improperly applied a heightened burden in a similar plea offer context).  Under the terms of the never-offered plea deal, Mr. Edwards would be a free man today.  However, due to the ineffective assistance of his counsel, Mr. Edwards faces spending potentially the rest of his life in prison.

2.  The state court's unreasonable application means that we owe no AEDPA-deference to its decision.  Instead, we should apply a de novo standard. Applying this standard, I would affirm the district court's decision.  *Paradis v. Arave*, 240 F.3d 1169, 1175–76 (9th Cir. 2001) (recognizing we may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale).

Because the state court unreasonably applied the reasonable probability standard, it would naturally follow that its "resulting factual determination will be unreasonable." *Taylor*, 366 F.3d at 1001.  Which is precisely what the district court held when granting the writ of habeas corpus.  The district court highlighted five considerations that effective counsel would have brought to bear against

Mr. Edwards had his counsel informed him of the plea offer. Two of these considerations are particularly persuasive.

First, the disparity between the offered deal and the post-trial sentencing range was significant. By the time the six-year plea was offered to his counsel, Mr. Edwards had been in custody for nearly two years. This meant that at the time of the plea offer, he would have been facing less than four more years after any good-time credit reduced his total period of incarceration. So, the choice before Mr. Edwards was a couple more years versus risk a **60-years-to-life** sentence. Commonsense would drive any rational person to accept this generous plea offer and avoid the risk of a **tenfold increase** in sentencing exposure.[3] But Mr. Edwards never had the chance to make that choice because he never received the plea offer.

---

[3] *Compare Alvernaz v. Ratelle*, 831 F. Supp. 790, 794 (S.D. Cal. 1993) (granting habeas relief to petitioner (the namesake of *In re Alvernaz*) where the "minimum difference in risk was almost **tenfold**" (emphasis added)), *with Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir. 1997) (holding that a petitioner facing an increase in exposure from 120 months to only 320 months, less than a three-times increase, combined with the state's weak case was insufficient to show a reasonable probability of taking the plea offer in light of petitioner's "steadfast and unmoving claims of innocence"); *see also Cooper v. Lafler*, 376 F. App'x 563, 572 (6th Cir. 2010), *vacated on other grounds*, 566 U.S. 156 (2012) ("the significant disparity between the prison sentence under the plea offer and exposure after trial lends credence to petitioner's claims"); *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003) (collecting cases pointing to "the disparity between the plea offer and the potential sentence exposure as strong evidence of a reasonable probability that a properly advised defendant would have accepted a guilty plea offer").

6

Second, the undisputed testimonies of Mr. Edwards, his mother, and his counsel demonstrate that there is a reasonable probability that the outcome of the criminal proceeding would have differed had he been informed of the plea and been effectively counseled regarding the plea. At the hearing, Mr. Edwards testified that he never sought a plea offer because he reasonably thought it was the district attorney who would extend a plea deal. Additionally, his mother provided objective testimony that to her, the risk of the potential sentence was so great that she would have advised her son, Mr. Edwards, to take the six years, despite believing his claims of innocence. Finally, the fact that his counsel, a veteran attorney of 31 years, admitted under oath that she failed to inform Mr. Edwards of the offer enhances the credibility of her testimony that she believed she could have convinced him to take the plea offer. *See Alvernaz*, 831 F. Supp. at 794 (concluding that the ineffective attorney's "statements are entitled to heightened credibility because the very statements that are beneficial to [Alvernaz] are harmful to [the attorney's] own professional reputation.").

*       *       *

In 2014, the State of California was willing to avoid a second trial in exchange for imprisoning Jason Edwards for six years. But his ineffective counsel robbed him of that choice. To deny Mr. Edwards the benefit of that bargain was, and is, fundamentally unfair. For the reasons above, I respectfully dissent.